NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**RONALD JONES, JR.,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7112

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-1618, Judge Donald L. Ivers.

---

Decided: May 9, 2013

---

SEAN A. RAVIN, of Washington, DC, for claimant-appellant.

SARAH M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER,

Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

## DECISION

Appellant Ronald Jones, Jr., seeks to appeal from a decision of the Court of Appeals for Veterans Claims ("CAVC"), which upheld a ruling of the Board of Veterans' Appeals denying his claim of service connection for a psychiatric disorder. Because we lack jurisdiction to address the issues raised by Mr. Jones, we dismiss the appeal.

## BACKGROUND

Mr. Jones served on active duty with the United States Navy from 1967 to 1969. Shortly after his discharge, he filed a claim for compensation for "bruises on face and head as a result of mugging . . . as well as dizziness [and] slight shock." Mr. Jones testified that he believed the mugging occurred in February of 1969. A regional office of the Veterans Administration ("VA") denied his claim. On several occasions since that time, he has sought to reopen his claim. He has asserted that the psychiatric condition from which he suffers (paranoid schizophrenia) is attributable to the head injury he incurred in service and that he is entitled to disability compensation on that basis.

As part of its response to a claim Mr. Jones filed in 1999, the Department of Veterans Affairs ("DVA") sought records relating to his contention that he had been injured during a mugging in February of 1969. Based on Mr. Jones's claim that he was assaulted either in Jacksonville or in Pensacola, Florida, and was treated at a hospital following his injury, the DVA sought records relating to the claimed assault and injury from both the Jacksonville

Sheriff's Department and the Pensacola Police Department, and from Naval hospitals in both of those cities. The DVA received responses from each agency, but none of them reported having records relating to Mr. Jones.

After further proceedings, including a remand from the Board to the regional office and a subsequent remand from the CAVC and the Board for further development of Mr. Jones's claim, the Board ultimately denied his claim in 2010 on the ground that there was no evidence that his psychiatric disorder was related to any disease or injury suffered in service. In the course of its opinion, the Board held that the DVA had satisfied its duty to assist Mr. Jones in obtaining records relating to his claim.

The CAVC affirmed. With respect to Mr. Jones's argument that the DVA did not satisfy its statutory and regulatory duty to assist him in developing his claim, the court ruled that the DVA had attempted to obtain additional records identified by Mr. Jones and that the court discerned "no inadequacy in the Secretary's performance of his duty to assist in obtaining records." The court added that Mr. Jones "was informed in detail of the failed attempts to obtain records and made no attempt to either provide missing records or provide more specific detail regarding the records" before the Board issued its decision.

DISCUSSION

In his appeal to this court, Mr. Jones focuses on the DVA's request for medical records from the Pensacola Naval Hospital pertaining to any treatment Mr. Jones received for a head injury in February 1969. In its request, the DVA provided the hospital with Mr. Jones's social security number, his branch of service and service number, and the approximate dates on which Mr. Jones contended he may have received medical treatment at that facility. The hospital responded with a form letter in which the supervisor of medical records reported that the hospital had been unable to identify records relating to

Mr. Jones, but added, "If you can provide any additional information such as social security number . . . date of birth, whether patient is retired, a veteran, active duty or dependent, or date of hospitalization, we will search our files further."

Mr. Jones contends that after receiving that letter from the Pensacola Naval Hospital, the DVA should have taken further steps to obtain records from that institution. He argues that because the hospital "asked VA to provide additional identifying information regarding Mr. Jones in order to further search its files" and the DVA "did not respond with any additional identifying information," the DVA failed to satisfy its duty to assist him in developing his claim. In its response, the government points out that the DVA had already provided identifying information, including Mr. Jones's social security number, the fact that Mr. Jones was a former service member (as indicated by the references to his service number and the branch of the military in which he served), and the dates of his possible treatment. The government argues that in light of the hospital's inability to locate any pertinent records even with the aid of the information the DVA had sent with its request, it was reasonable for the DVA to conclude that it would have been futile to resubmit the same information to the hospital in a follow-up request.

Mr. Jones characterizes the issue before this court as a pure legal question arising from undisputed facts— whether the statutory and regulatory duty to assist, *see* 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c)(2), required the DVA to make a further request for information to the Pensacola Naval Hospital after the hospital "asked VA to provide additional identifying information in order to further search its files; and . . . VA did not respond with any additional information."

Mr. Jones's characterization of the facts overlooks two points. First, the Pensacola hospital did not "ask[] VA to provide additional identifying information"; rather, the hospital stated that if the DVA could provide "any addi-

tional information," such as a social security number, date of birth, status of the patient, and date of treatment, the hospital would be willing to search its files further. Second, and more importantly, the DVA had already provided all of that information except for Mr. Jones's date of birth. It was based on that state of the record, which presents a quite different factual picture from the one painted by Mr. Jones, that the CAVC ruled that the court could "discern no inadequacy in the Secretary's performance of his duty to assist in obtaining records."

Moreover, contrary to Mr. Jones's contention, the court's conclusion as to the adequacy of the DVA's conduct in light of its statutory and regulatory duty to assist Mr. Jones does not entail an interpretation of a statute or regulation. The CAVC's decision did not turn on its interpretation of the statute or regulation requiring the DVA to assist claimants in developing their claims, but at most constituted the resolution of "a challenge to a law or regulation as applied to the facts of a particular case," and thus is not within this court's jurisdiction to review decisions of the CAVC. *See* 38 U.S.C. § 7292(d)(2). Because this appeal does not fall within our jurisdiction over appeals from the CAVC, we dismiss Mr. Jones's appeal.

No costs.

**DISMISSED**